**CARL E. ROSTAD**
**RYAN G. WELDON**
**Assistant U.S. Attorneys**
**U.S. Attorney's Office**
**P.O. Box 3447**
**Great Falls, Montana 59403-3447**
**Direct Line:   (406) 771-2001**
**Phone:   (406) 761-7715**
**FAX:   (406) 453-9973**
**Email:   Carl.Rostad@usdoj.gov**
                **Ryan.Weldon@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

FILED

JUN 1 3 2016

Clerk, U.S. District Court
District Of Montana
Great Falls

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 16-41-GF-BMM** |
| **Plaintiff,** | |
| **vs.** | **PLEA AGREEMENT** |
| | **(Rule 11 (c)(1)(A), (B),** *Federal Rules* |
| **BRIAN KELLY EAGLEMAN,** | *of Criminal Procedure*) |
| **Defendant.** | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United

States of America, by Carl E. Rostad, Assistant United States Attorney for the



CER      BKE      CBJ      Date

1

District of Montana, and the defendant, Brian Kelly Eagleman, and his attorney,

Carl B. Jensen, have agreed upon the following:

1.    **Scope:**   This plea agreement is between the United States Attorney's

Office for the District of Montana and defendant.   It does not bind any other federal,

state or local prosecuting, administrative or regulatory authority, or the United States

Probation Office.

2.    **Charges:**    The defendant agrees to plead guilty to Count I of the

Indictment which charges the crime of Income Tax Evasion/Evasion of Payment, in

violation of 26 U.S.C. § 7201.   The offense charged in Count I of the Indictment

carries a maximum punishment of five years imprisonment, a $250,000 fine, three

years supervised release, costs of prosecution, and a $100 special assessment.

The defendant stipulates to, and the government agrees to accept, restitution

in the amount of $122,915.19, to be paid to the Internal Revenue Service. 18 U.S.C.

§ 3663(a)(3). The defendant acknowledges that this agreement is limited to criminal

restitution only and that the Internal Revenue Service may levy other penalties,

interest, or costs outside the context of prosecution.

CER    BKE    CBJ    Date

2

3.    **Nature of the Agreement**:    The parties agree that this plea agreement

shall be filed and become a part of the record in this case, and will be governed by:

Rules 11(c)(1)(A)&(B), *Federal Rules of Criminal Procedure*.    The

defendant acknowledges that the agreement will be fulfilled provided the United

States agrees not to pursue other charges against the defendant—other than those in

*United States v. Brian Kelly Eagleman*, CR 16-22-GF-BMM and *United States v.*

*Brian Kelly Eagleman*, CR 16-35-GF-BMM,charging the defendant with Theft from

an Indian Tribal Organization, in violation of 18 U.S.C. § 1163—arising out of

financial transactions with the Chippewa Cree Tribe, or any agent, official, or

employee of the Chippewa Cree Tribe, or any of its subsidiary organizations.

The defendant understands that if the agreement is accepted by the Court there

will not be an automatic right to withdraw the plea.    The parties acknowledge that

the Court is not bound by the recommendations of the parties and that the failure to

follow such recommendations does not invalidate the plea agreement.

**Interdependence of Plea Agreements:** The defendant acknowledges that the

agreement he has reached with the United States in this cause is one part of a larger

disposition of multiple cases, both charged and uncharged, and by agreements

CER    BKE    CBJ    Date

3

reached in this case and in *United States v. Brian Kelly Eagleman*, CR 16-22-GF-BMM, and *United States v. Brian Kelly Eagleman*, CR 16-35-GF-BMM and that this agreement is conditioned on the successful completion of all related agreements.

Therefore, this agreement is conditioned upon all agreements with Brian Kelly Eagleman being accepted by the Court and concluded without the withdrawal from any of the agreements by either defendant. The defendant understands that if he withdraws from any of the agreements, or the Court rejects any of the agreements, all agreements will become null and void.

4.    **Admission of Guilt**:  The defendant will plead guilty because he is in fact guilty of the charge contained in Count I of the Indictment.   In pleading guilty, the defendant acknowledges that:

**Tax Evasion/Evasion of Payment**
**Title 26 U.S.C. § 7201**

**First**, the defendant owned federal income tax for the period specified in the Indictment (2002 through 2008 and 2010);

**Second**, the defendant made an affirmative attempt to evade or defeat payment of the income tax; and

CER    BKE    OBJ    Date

4

**Third**, in attempting to evade or defeat such tax, the defendant acted willfully.

5. **Waiver of Rights by Plea**:

(a)     The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(b)     The defendant has the right to a jury trial unless the defendant, by written waiver, consents to a non-jury trial.   The government must also consent and the court must approve a non-jury trial.

(c)     The defendant has the right to be represented by counsel, and if necessary, have the court appoint counsel, at trial and at every other stage of these proceedings.

(d)     If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random.   The defendant and his defense attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.   The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.   The jury would be instructed that the

CER     BKE     CBJ     Date

5

defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(e)     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

(f)     At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant.   The defendant would be able to confront those government witnesses and the defense attorney would be able to cross-examine them.   In turn, the defendant could present witnesses and other evidence on the defendant's own behalf.   If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the court.

(g)     At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from his refusal to testify.   Or the defendant could exercise the choice to testify on his own behalf.

CER     BKE     CBJ          Date

6

(h)     If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made which would entitle the defendant to reversal of the conviction.

(i)     The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant expressly waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge.

The defendant understands that by pleading guilty pursuant to this agreement, he is waiving all the rights set forth in this paragraph. The defendant's attorney has explained these rights and the consequences of waiving these rights.

6.     **Agreements and Recommendations**:   The parties stipulate and agree that for purposes of fraud loss calculation under the U.S. Sentencing Guidelines, and restitution, loss is fixed at $. 18 U.S.C. § 3663(a)(3).

The United States agrees to recommend that any sentence imposed in this case be served concurrently with the sentence imposed in all other sentences imposed in

CER    BKE    CBJ    Date

7

*United States v. Brian Kelly Eagleman*, CR 16-22-GF-BMM, and *United States v. Brian Kelly Eagleman*, CR 16-35-GF-BMM.

The United States and the defendant are free to make any other sentencing recommendation not inconsistent with this agreement. The parties acknowledge that the recommendations of either party are not binding on the Court and failure to accept or follow any recommendation does not void the agreement or permit an automatic withdrawal from the agreement by either party.

- Specific Agreement as to Restitution:

(a)     The defendant agrees to pay restitution to the Internal Revenue Service in the total amount of $122,915.19 pursuant to 18 U.S.C. § 3663(a)(3).   The total amount of restitution consists of the following:

| Tax Year | Taxes | Penalties | Interest | Total |
|----------|-------|-----------|----------|-------|
| 2003 | $3,654.00 | $1,741.90 | $3,454.23 | $8,850.13 |
| 2004 | $10,408.00 | $5,216.38 | $9,466.33 | $25,090.71 |
| 2005 | $14,942.00 | $7,530.45 | $11,252.93 | $33,725.38 |
| 2006 | $14,461.00 | $4,204.24 | $7,476.95 | $26,142.19 |
| 2007 | $8,427.00 | $4,285.82 | $3,747.58 | $16,460.40 |
| 2008 | $1,522.00 | $380.50 | $445.06 | $2,347.56 |
| 2010 | $7,221.00 | $1,873.24 | $1,294.58 | $10,388.82 |
| | | | Total | $122,915.19 |

CER     ·BKE     CBJ     Date

8

(b)     The defendant agrees that she will sign any IRS forms deemed necessary by the IRS to enable the IRS to make an immediate assessment of that portion of the tax and interest that she agrees to pay as restitution including IRS Form 8821, "Tax Information Authorization."

(c)     The defendant agrees not to file any claim for refund of taxes or interest represented by any amount of restitution paid pursuant to this agreement.

(d)     The parties understand that defendant will receive proper credit, consistent with paragraph (c) above, for the payments made pursuant to this agreement.  Except as set forth in the previous sentence, nothing in this agreement shall limit the IRS in its lawful examination, determination, assessment, or collection of any taxes, penalties or interest due from the defendant for the time periods covered by this agreement or any other time period.

(e)     The defendant agrees that this agreement, or any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise the defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties owed to the IRS for the time periods covered by this agreement or any other time

CER     BKE     CBJ     Date

9

period.

(f)     The defendant agrees that, unless the Director of the Administrative

Office of the United States Courts directs her otherwise, all payments made pursuant

to the court's restitution order are to be sent only to the Clerk of Court at the

following address:

> U.S. Clerk of Court
> Missouri River Courthouse
> 125 Central Avenue West
> Great Falls, MT 59404

(g)     With each payment to the Clerk of the Court made pursuant to the

District Court's restitution order, defendant will provide the following information:

- Defendant's name and Social Security number;
- The District Court docket number assigned to this case;
- Tax year(s) or period(s) for which restitution has been ordered; and
- A statement that the payment is being submitted pursuant to the District Court's restitution order.

The defendant agrees to include a request that the Clerk of the Court send the

information, along with defendant's payments, to the appropriate office of the

Internal Revenue Service.

(h)     Defendant also agrees to send a notice of any payments made pursuant

CER        BKE        CBJ        Date

10

to this agreement, including the information listed in the previous paragraph, to the

IRS at the following address:

> Internal Revenue Service
> Attn: Mail Stop 6261 (Restitution)
> 333 W Pershing Ave.
> Kansas City, MO

(i)      Defendant understands that she is not entitled to credit with the IRS for

any payment sent to an incorrect address or accompanied by incomplete or

inaccurate information, unless and until any payment is actually received by the

Internal Revenue Service and identified by it as pertaining to her particular liability.

The defendant authorizes the U.S. Probation Office to release to the Financial

Litigation Unit of the U.S. Attorney's Office all documents and financial

information provided by the defendant to the U.S. Probation Office and any

information obtained by the U.S. Probation Office about the defendant through its

investigation.    The defendant further agrees to fully complete a financial statement

in the form prescribed by the U.S. Attorney's Office, provide financial documents as

requested, and submit to a debtor's exam if deemed appropriate by the U.S.

Attorney's Office pre-sentencing, in order to evaluate the defendant's ability to

satisfy any financial obligation imposed by the Court.    The defendant consents to

being immediately placed on the Treasury Offset Program to help meet the

defendant's obligation to pay restitution and/or a fine.

CER      BKE      CBJ      Date

11

7.    **Effect of Early Decision**:   If the defendant otherwise qualifies for a two level adjustment for acceptance of responsibility, and the advisory guideline offense level is 16 or higher, and the defendant files this agreement or a Motion to Change Plea by Tuesday, May 31, 2016, the United States will move the Court at the time of sentencing to award the defendant an additional point for acceptance of responsibility pursuant to USSG §3E1.1(b).

8.    **Sentencing Guidelines**:   Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable. The parties acknowledge that the recommendations of either party as to the applicability of any guideline provision is not binding on the Court and failure to accept or follow any recommendation does not void the agreement or permit an automatic withdrawal from the agreement by either party.

9.    **Appeal Waivers**:

A.    ***Substantial Assistance Motion Waiver***:   The defendant acknowledges that 18 U.S.C. § 3742 affords him the right to appeal the sentence imposed in this case.   Under appropriate circumstances, the United States may move, but has not made any commitment as part of this agreement to move, for a downward departure from the guideline range pursuant to USSG §5K1.1 to reward the defendant for any

CER        BKE        CBJ        Date

12

substantial assistance provided before sentencing. If such a motion is made and the Court accepts the plea agreement, the defendant hereby waives all right to appeal any aspect of the sentence, including conditions of probation or supervised release, imposed by the Court.

If a motion for downward departure is made under USSG §5K1.1, the defendant also agrees to waive his right to collaterally attack the judgment or sentence pursuant to 28 U.S.C. § 2255. This waiver does not prohibit his right to pursue or maintain such an action arising from facts not known or reasonably capable of being known at the time of his entry of guilty plea or alleging that he received ineffective assistance of counsel.

B. **Alternative Waiver Provision—*If No Substantial Assistance Motion is Made, Conditional Waiver***: If no substantial assistance motion is made, the defendant agrees to a conditional waiver of appeal. The defendant acknowledges that 18 U.S.C. § 3742(a) affords him the right to appeal the sentence imposed in this case. The prosecution has a comparable right of appeal provided in 18 U.S.C. §3742(b). By this agreement, the defendant waives his right to appeal the reasonableness of the sentence, including conditions of probation or supervised release, if the defendant has no objection to the calculation of the guidelines and the sentence imposed is within or below the range provided for by that calculation. The

13

United States waives its right to appeal the reasonableness of the sentence if it has no objection to the calculation of the guidelines, and the sentence imposed is within or above the range provided for by that calculation.

The defendant also waives his right to challenge the sentence in a collateral proceeding pursuant to 28 U.S.C. § 2255.   This waiver does not prohibit his right to pursue or maintain such an action arising from facts not known or reasonably capable of being known at the time of his entry of guilty plea or alleging that he received ineffective assistance of counsel.

10.    **Voluntary Plea**:   The defendant and defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and this agreement is freely and voluntarily endorsed by the parties.

11.    **Non Prosecution and Dismissal**:   Upon acceptance of this agreement by the Court, the United States Attorney for Montana will not pursue other charges against the defendant (other than those described herein which are the subject of a separate but dependent agreements) arising out of financial transactions with the Chippewa Cree Tribe, or any agent, official, or employee of the Chippewa Cree Tribe, or any of its subsidiary organizations.

CER        BKE        CBJ        Date

14

**Waiver of Speedy Trial**:   The defendant has agreed, unconditionally, to waive appeal if the government makes a substantial assistance motion pursuant to USSG §5K1.1 at the time of sentencing.   If such a motion is made by the government, and notwithstanding the agreement the defendant files a Notice of Appeal, the defendant expressly waives any and all objection under the Speedy Trial Act for any delay caused by the defendant's breach of the plea agreement between the time of sentencing and the date set for trial of the remaining count or counts of the Indictment.

12.   **Detention/Release Pending Sentencing**:   If the defendant has not violated any conditions of pre-trial release at the time of entry of plea, the United States will recommend that the defendant remain on release with conditions pending sentencing.

13.   **Entire Agreement**: Any statements or representations made by the United States, the defendant, or his counsel prior to the full execution of this plea agreement are superseded by this plea agreement.   No promises or representations have been made by the United States except as set forth in writing in this plea agreement.   This plea agreement constitutes the entire agreement between the parties.   Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

CER      BKE      CBJ      Date

15

MICHAEL W. COTTER
United States Attorney

CARL E. ROSTAD
Assistant U. S. Attorney

BRIAN KELLY EAGLEMAN
Defendant

CARL B. JENSEN
Defense Counsel

CER    BKE    CBJ    Date

16